[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 18, 1994, the parties were present in the court with Attorney Forbes who marked the case ready. When the court monitor requested counsel's name for the record he replied:
 "MR. FORBES: Attorney William Forbes, Your Honor, I am a mediator. I am here simply to facilitate questioning of the parties this morning.
THE COURT: What does that mean? CT Page 4064
 MR. FORBES: It means I didn't represent either party during the course of these negotiations, Your Honor. I did help them draft and prepare, the separation agreement which is before the court.
An exchange then took place between the undersigned judge and the attorney regarding counsel's position he characterized as mediator. The court questioned the attorney's right to participate although not of record and the attorney assured the court that,
"I'm simply following practices that Hartford and New Britain follow . . ."
The plaintiff took the witness stand and, under questioning by the court, began testifying in support of the allegations in the complaint.
After several questions the court first noticed that this attorney had initiated this action as counsel for the plaintiff. The attorney defended his action by claiming it was,
"Simply to facilitate service. . . ."
An endorsement on the writ directing the clerk not to enter the attorney's appearance could have been done, 64(a) Practice Book.
Having appeared of record as attorney for the plaintiff, he undertook to,
 ". . . act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf."
Comment, Rule 1.3. Diligence, Rules of Professional Conduct.
Having undertaken to represent the plaintiff, this court cannot accept counsel's assertion that he may then retire as advocate and assume the role of impartial mediator.
This dissolution of marriage action was started by Attorney Forbes who signed the writ and caused it to be served on the defendant wife by a deputy sheriff. The attorney's appearance on behalf of the plaintiff was pursuant to Practice Book CT Page 4065 Along with the complaint, which he signed, the attorney caused the following motions to be served on the defendant:
 "(101) Motion for Exclusive Use of Premises and Vehicle Pendente Lite."
 "(102) Pendente Lite Motion to Apportion Costs of House Maintenance."
"(103) Pendente Lite Motion for Custody and Support."
The return date of July 13, 1993 passed and no further activity appears in the file until November 24, 1993 when the attorney for the plaintiff filed a claim for the uncontested list. The parties agreement is dated November 19, 1993.
On December 6, 1993 the plaintiff filed a pro se appearance in lieu of Attorney William J. Forbes.
On December 20, 1993 the defendant filed a pro se appearance dated December 14, 1993. Until then she was a nonappearing defendant.
An examination of the affidavits, the hearing held and the application of the statutory criteria have convinced the court that the proposed settlement is inequitable in that the provisions made for the defendant are inadequate. Further, the deviation from the child support guidelines as proposed is not justified. The agreement as presented is rejected.
A mistrial is declared.
Sua sponte the file is ordered transferred to the New Haven Judicial District since both parties live in Cheshire.
The transcript and rejected agreement are both ordered on file.
HARRIGAN, J.